**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

UNITED STATES OF AMERICA,      :

                              :

   v.                        :       CASE NO: 7:21-CR-53 (WLS)

                              :

DEONTREY DEMORRIA CRUMPTON,  :

                              :

      Defendant.            :

_____

**<u>ORDER</u>**

Before the Court is the Defendant's Motion for Updated Presentence Investigation Report Based on Amendment 821 (Doc. 105) ("Motion") filed on January 21, 2026. Therein, Defendant requests that the Court direct that his Final Presentence Investigation Report (PSR) (Doc. 68) be updated to reflect changes implemented by Amendment 821 to the United States Sentencing Guidelines. The Court ordered the Government to file a response to the Motion, which it did so on February 4, 2026.

As background, Defendant was originally sentenced in this case on June 21, 2022, to a term of 105 months' imprisonment for possessing a firearm as a convicted felon. (Doc. 77). Defendant's total offense level was determined to be 25 with a criminal history category of IV, resulting in an advisory guideline range of 84 to 105 months. (*See* Doc. 78). Two criminal history points were added because Defendant was serving a criminal justice sentence when he committed the instant federal offense. This resulted in a criminal history total of seven points. Based on retroactive Amendment 821, Part A to the United States Sentencing Guidelines, Defendant would not have received these two additional points, and therefore, his criminal history category would be III with an amended guideline range of 70 to 87 months.

Indeed, Court addressed this very issue when it denied Defendant's successive motions to reduce sentence (Docs. 100 & 102). In doing so, the Court recalculated Defendant's guideline range based on the retroactive application of Amendment 821 but found that a sentence reduction was not warranted due to the nature and circumstances of the offense and

1

the history and characteristics of Defendant Crumpton. (Doc. 104). Specifically, Defendant's gang affiliation, history of firearms possession, and participation in violent conduct. (*Id.*)

In his instant Motion, Defendant states that he "does not seek to relitigate matters previously decided" but contends that an update to his PSR would "assist the Court in any present or future sentence-related proceedings and promote fairness, accuracy, and judicial efficiency." (Doc. 105 ¶¶ 7–8). The Government contends that because the Court has already considered both the retroactive effect of Amendment 821 and the applicable sentencing factors and has determined the corrected guideline range, a revised or supplemental PSR is not warranted. (Doc. 107 at 1–2).

Upon review, the Court does not find that an updated or otherwise revised PSR is warranted or necessary. The Court's previous Order (Doc. 104) which considered the effect of Amendment 821 and properly determined the corrected guideline range is part of the Record in this case and would be available to the Court in any future proceedings, should the need arise. As such, Defendant's Motion for Updated Presentence Investigation Report Based on Amendment 821 (Doc. 105) is **DENIED**.

**SO ORDERED**, this 12th day of February 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**