**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>DEONTREY DEMORRIA CRUMPTON,<br><br>Defendant. | Case No.: 7:21-CR-53-WLS-ALS-2 |

# ORDER

Before the Court is Defendant Deontrey Demorria Crumpton's motion to reconsider the Court's order denying his motion to appoint counsel and reduce his sentence, (Doc. 111), and his separate motion for a sentence reduction, (Doc. 112).

Crumpton was originally sentenced on June 21, 2022, to a term of 105 months imprisonment and a three-year term of supervised release, for the offense of Possession of a Firearm by a Convicted Felon. The sentence was ordered to be served concurrently with any sentence imposed in Miami-Dade County, Florida Circuit Court Case No. 21-CF-2133; and consecutively to any term of imprisonment imposed in Lowndes County, Georgia Superior Court Case No. 19-CR-1051 for violation of probation. Crumpton's total offense level was determined to be 25 with a criminal history category IV, which yielded an advisory sentencing range of 84 to 105 months.

Crumpton's criminal history subtotal was five. Two additional criminal history points were added for being under a criminal justice sentence when he committed the instant federal offense. This resulted in seven criminal history points which yielded a criminal history category IV. Based on retroactive Amendment 821, Part A to the United States Sentencing Guidelines, defendants with less than seven criminal history points receive no additional points for being under a criminal justice sentence at the time of the instant offense. A total of five (5) criminal history points yields a criminal history category III; and the amended guideline range is 70 to 87 months. But because of the nature and circumstances of the offense and the history and characteristics of the defendant—specifically his gang affiliation, history of firearms possession, and participation in violent conduct, the Court determined a reduction in sentence

was not warranted. On February 12, 2026, the Court issued an order denying the defendant's request for a reduction in sentence. (Doc. 108.)

Crumpton is petitioning the Court for reconsideration of a reduction in sentence based on his substantial post-sentencing rehabilitative efforts, including his educational and vocational accomplishments, completion of rehabilitative coursework, his participation in leadership and curriculum development, and his positive disciplinary record. He is also seeking appointment of counsel to assist in the request for reconsideration of a reduction in his sentence.

On October 8, 2026, the U.S. Probation Office obtained Bureau of Prisons Sentry records to confirm the information Crumpton provided in his request for reconsideration of a reduction in sentence. Sentry records confirmed the defendant has participated in rehabilitative programming such as GED preparation, effective communication, career exploration, and barbering. But the records also revealed that the defendant has been sanctioned for Possessing a Hazardous Tool on two occasions (August 3, 2023; and October 29, 2025), Being Untidy or Unsanitary (February 3, 2025), and Possessing a Dangerous Weapon (May 11, 2026).

Based on a review of the Sentry records and Crumpton's possession of hazardous and dangerous weapons while in custody, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), Crumpton's motion for reconsideration, (Doc. 111), and motion to reduce sentence, (Doc. 112), are **DENIED**.

**SO ORDERED**, this 4th day of November, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**